“ McAdam, J.
The property is situated on Long Island Sound, at a place where the tide ebbs and flows, and the contention is settled by the decision of the question whether the land between low and high water *499 mark is included or excluded from the measurements and description called for by the deed. If this piece of land is to be included the land conveyed contains twenty-two ,507 acres, and the defendant is entitled to judgment. If it is to be excluded, the grant contains but eighteen /03040 acres, and the plaintiff is entitled to recover. The plaintiff rests his right of action on the proposition that where the shore of the sea, bay, navigable river or tide-water is named as the boundary of land in a grant of title, the land to ordinary high water mark is intended. This is undoubtedly the rule. Girard on Titles, 3d. ed., 517; People v. Canal Appraisers, 33 N. Y. 461; Mayor v. Hart, 95 Ib. 443 ; Same v. Starin, 106 Ib. 1; Canal Commissioners v. People, 5 Wend. 443 ; People v. Tibbetts, 19 N. Y. 523 ; Gould v. Hudson R. R. R. Co., 6 Ib. 522 ; Wheeler v. Spinola, 54 Ib. 377 ; 3 Kent’s Comm. 432. The defendant concedes the law to be as stated, but claims that the grant in this instance is not bounded ‘ by ’ the shore and hence not within the rule referred to. The boundary on the water front is shown by the first two courses in the deed, which read as follows: ‘ Thence running along said division line north, 42 degrees and 47 minutes east about 865 feet to a point on the shore of Long Island Sound; thence running along said shore and Sound as the same bend and turn easterly, and thence southerly to their intersection with the center line of De Lancey avenue aforesaid.’
“ The surveyors all agree that the description contained in the deed to the plaintiff carries the grant to low water mark, so that, if the grantor had title to the land between low and high water mark, it passed by the deed delivered to the plaintiff. In construing the description of two deeds running to the shore of a navigable stream, the court in Stover v. Freeman, 6 Mass. 435, said, inter alia: ‘ The shore has two sides, high water mark and low water mark. Elwell’s corner is described as a known monument. If it is at low water mark *500 it is by the shore, as well as if it was a high water mark. Now, if it be a fact that this corner was a known monument at low water mark, the plaintiff might be admitted to prove it by oral testimony. Then the boundary line running to Elwell’s corner would cross the flats to low water mark, and the next boundary line running by the flats must run by the same side of the flats on which Elwell’s corner stands, and thus the flats would be included by the boundaries of the land conveyed by the second deed. And further, from this fact, the first deed would receive a similar consideration, as it was executed by the same grantor.’ The deed to the plaintiff conveys title along a certain line ‘ about 865 feet to a point on the shore of Long Island Sound,’ and jif, as decided by the last case, low water mark is by the shore, as well as high water mark, the point indicated by the ( 865 feet ’ carried the line directly to that point on the shore. The metes and bounds show clearly that the defendant intended to and did convey to low water mark. If the plaintiff was misled by this fact, and did not intend to purchase to low water mark, he might perhaps have obtained from the court relief from the sale, but he made no such application. If deceived in respect thereto, to his damage, he might on such ground have some legal remedy, but he has invoked none. The sole question to be decided is whether the deed conveyed twenty-two ”, acres of land, and it undoubtedly did. It is conceded that as a rule, land between low and high water mark, where the tide ebbs and flows, is by the common law vested in the state, Girard on Titles, 2d ed., 714; Angell on Water Courses, §§ 544-546, except in certain cases of Colonial charters, The Mayor v. Hart, 95 N. Y, 443, or Colonial grants. Trustees v. Strong, 60 N. Y. 56. The land on Long Island Sound, between low and high water mark, is likewise vested in the state, in the absence of Colonial grants such. as were proved in the case of the Trustees v. Strong, supra.
Holmes & Adams, for appellant.
“ Whether a similar grant exists in respect to the property in question, or whether the state has released its title to the lowland to the owner of the upland, as authorized by statute (1 R. S. 6th ed., 802), could not be ascertained, for the reason that the plaintiff did not litigate the defendant’s title, and declined to litigate that issue. For all the purposes of this litigation it must be assumed, therefore, that the defendant in some legal manner acquired title to the lowland, and that it passed by his deed, if the lowland is sufficiently covered by the descriptive words of the deed, and as matter of fact it is. Notwithstanding the rule of construction which bounds a grant by the line of high water, it will not do to hold that a conveyance of land on the shore will not under any circumstances convey the land between high and low water mark. If the grantor of the land has title to the lowland, a deed of the upland will convey the lowland if the descriptive words of the grant contain metes and bounds which include the lowland as well as the highland, and this is the situation of the parties here. The . plaintiff argues, and with reason, that there are no natural or artificial monuments at low water mark to locate the boundary line, as in Stover v. Freeman, supra, and that the words ‘ about 865 feet to a point on the shore,’ etc., do not meet legal requirements, yet this is a question which might be made clear in an action involving the question of title. As to the meaning of the term ‘about’ see Belknap v. Seeley, 14 N. Y. 143. The question is novel, and not entirely free from doubt, and one which merits review by the court of last resort.
“ Upon the issue litigated there must be judgment for defendant, but without prejudice to a new action alleging want of title in the defendant to the lowlands, in which the latter may be required to produce whatever grants vest in him the title he undertook to convey.”
Martin J. Keogh, for respondent.
By the Court.—Dugro, J.
The complaint reads “The defendant being owner of real property hereinafter described * * made sale thereof at public auction * * at such sale the plaintiff purchased the said premises for the sum, etc., * * of $3,125 per acre.” No property is described in the complaint. If it be assuméd that the property described in exhibit 1, which is attached to the complaint, is that which the complaint states will be thereinafter described, it is “ property, at DeLancey’s Neck, in the town of Mamaroneck, Westchester County, N. Y., known as ‘ Vergemere,’ of about 22,57 acres.” This assumption will for present purposes be made.
The agreement which forms the basis of this action, and which is set forth in the complaint, provided that the plaintiff should recover the excess of the money paid over that which should have been paid for the actual contents in acre# of the said premises at the rate of $3,125 per acre. Therefore, in order to be entitled to succeed in his action, the plaintiff must have shown that the actual contents of the property, at DeLancey’s Neck, etc., known as “ Vergemere,” of about 22,” acres, was less than the stated number of acres.
Of what this property consisted does not appear, except- as it is to be gathered from the plaintiff’s testimony that he “ received a deed for certain premises known as ‘Vergemere,’ in Mamaroneck, etc.;” the premises described in the deed must, therefore, be taken as the premises which the plaintiff purchased, and whether these premises consist of less than 22,57 acres, is thus the pivotal point in the case.
■ No question of title is raised, nor is any question as to the character of the sale presented. The question is, ho,w many acres does the deed convey ?
For the reasons assigned by the learned judge at special term, we believe that the descriptive clause in *503 the deed covered the premises to low water mark. Stover v. Freeman, 6 Mass. 435, does not seem to sustain the plaintiff’s way of reasoning.
The judgment is affirmed, with costs.
Freedman and Gildersleeve, JJ., concurred.